**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:05cv487**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **VINCENT A. LENARCIC, JR., and NEW VISION INVESTMENT FUNDS LLC,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **QMA INVESTMENT MANAGEMENT, LLC,** | ) |
| | ) |
| | ) |
| **Relief Defendant.** | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

## FINAL JUDGMENT AS TO DEFENDANTS LENARCIC AND NEW VISION AND DISMISSAL AS TO RELIEF DEFENDANT QMA

The Securities and Exchange Commission having filed a Complaint and Defendants Vincent A. Lenarcic ("Lenarcic"), and New Vision Investment Funds, LLC ("New Vision") having entered general appearances; consented to the Court's jurisdiction over them, respectively,

and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction); waived findings of fact and conclusions of law;

and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

Defendants Lenarcic and New Vision and their agents, servants,

employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from violating,

directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934

(the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality

of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any

security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to

              state a material fact necessary in order to make the statements

made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**

that Defendants Lenarcic and New Vision and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**

that Defendants Lenarcic and New Vision and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § §80b-6(1), (2)] by directly or indirectly, using the mails or any means or instrumentality of interstate commerce: (a) knowingly or recklessly, employing devices, schemes, or artifices to defraud; or (b) engaging in transactions, practices, or courses of business which operate as fraud or deceit upon a client or prospective client. In conjunction herewith, the Court specifically finds that Lenarcic and New Vision were at all relevant times an "investment adviser" within the

meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Lenarcic shall pay disgorgement in the amount of $808,274.35, which constitutes the profits he gained as a result of the conduct alleged in the Complaint, and which were included among the offenses to which he pled guilty in the parallel criminal action captioned United States v. Vincent A. Lenarcic, Jr., Cr. No. 3:06CR155-01 (W.D.N.C.), and that the payment of disgorgement in this case shall be deemed satisfied by the order of restitution entered in the parallel criminal action.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the claim against Relief Defendant QMA Investment Management, LLC ("QMA") (which was controlled by Lenarcic) is, upon motion of the SEC, hereby dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**

that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED**

that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Signed: February 20, 2008

Martin Reidinger
United States District Judge